UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6 'O'

| Case No. | CV15-6212-CAS(SSx) | Date | December 23, 2015 |
|---|---|---|---|
| Title | SONIA VIVAR V. TALLGRASS TALENT GROUP, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (filed December 14, 2015, Dkt. 23)

(IN CHAMBERS) - DEFT TALL GRASS TALENT GROUP, LLC'S NOTICE OF JOINDER (Filed December 18, 2015, Dkt. 26)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

**I.   INTRODUCTION & BACKGROUND**

On July 14, 2015, plaintiff filed the operative Second Amended Complaint ("SAC") in this putative class action against defendants Tallgrass Talent Group, LLC ("Tallgrass") and Omega Resources Solutions ("Omega") (collectively, "defendants") in the Los Angeles County Superior Court. Dkt. 1. The SAC asserts the following claims against defendants: (1) failure to pay the minimum wage in violation of the California Labor Code §§ 1194, 1997; (2) failure to provide proper paystubs in violation the California Labor Code § 226; (3) failure to reimburse business related expenses in violation of the California Labor Code § 2802; (4) unfair competition in violation of the California Unfair Competition Law (the "UCL"), Cal. Bus. and Prof. Code § 17200, et seq.; and (5) violation of the California Private Attorney General Act ("PAGA"). Id. On August 14, 2015, defendant Omega removed this action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6 'O'

| Case No. | CV15-6212-CAS(SSx) | Date | December 23, 2015 |
|---|---|---|---|
| Title | SONIA VIVAR V. TALLGRASS TALENT GROUP, LLC, ET AL. | | |

On December 14, 2015, plaintiff filed a motion to remand. Dkt. 23. On December 18, 2015, defendant Tallgrass joined plaintiff's motion to remand, Dkt. 26, and on December 21, 2015, defendant Omega filed a notice of non-opposition to plaintiff's motion to remand, Dkt. 28. Accordingly, plaintiff's motion now stands unopposed. Having carefully considered plaintiff's arguments, the Court hereby GRANTS plaintiff's motion to remand.

## II.   ANALYSIS

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

In the instant suit, Omega asserted that this Court had jurisdiction pursuant to CAFA. Under CAFA, district courts are vested with " 'original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' " and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. U.S. Bank Nat'l. Ass'n., 479 F.3d 994, 997 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)) (overruled on other grounds by Ibarra v. Manheim Investments, Inc., 775 F.3d 1193 (9th Cir. 2015)). In general, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LCC v. Owens, 135 S.Ct. 547, 554. However, where a plaintiff contests, or the court has reason to question, defendant's allegation, "[e]vidence establishing the amount [in controversy] is required." Id. In such cases, "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard." Rodriguez v. AT & T Mobility Services LLC, 728 F.3d 975, 977 (9th Cir.2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6 'O'

| Case No. | CV15-6212-CAS(SSx) | Date | December 23, 2015 |
|---|---|---|---|
| Title | SONIA VIVAR V. TALLGRASS TALENT GROUP, LLC, ET AL. | | |

Here, there appears to be no dispute amongst the parties that the amount in controversy in this action does not satisfy the $5,000,000 requirement imposed by CAFA. As explained in plaintiff's motion to remand, it appears that Omega overestimated the potential damages recoverable in this action when it filed its notice of removal. Mot., at 4-5. Specifically, Omega calculated damages by multiplying the potential damages members of plaintiff's putative class could recover by the number of weeks defendants had operated their businesses in California prior to the filing of plaintiff's suit. Id. In making this calculation, Omega calculated that defendants had operated in California for four years. However, records from the California Secretary of State indicate that defendant Omega operated in California for only 80 weeks prior to the filing of plaintiff's suit.[1] Id. at 4. And defendant Tallgrass, who has joined plaintiff's motion, has stated that its operations in California for purposes of this action were for as little as 18 weeks. Id. at 5. Accordingly, Omega's calculation may have significantly overestimated the potential damages recoverable in this case.

When damages are calculated using a figure of only 80 weeks, plaintiff contends that the amount in controversy in this case is roughly estimated as $3,230,500, and none of the parties appears to dispute this estimate. Id. at 9. Accordingly, because defendants have not established that CAFA's amount in controversy requirement is satisfied, the Court GRANTS plaintiff's motion to remand.

### III. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand. Accordingly, the hearing date of January 11, 2016 at 10:00 a.m. is hereby **VACATED.** No appearances are necessary on this date.

---

[1] Plaintiff has requested that the Court take judicial notice of records on file with the California Secretary of State's office indicating the dates Omega and Tallgrass were incorporated. Plaintiff's Request for Judicial Notice, Exs. A, B. As these documents are public records, not reasonably in dispute, the Court may take judicial notice of them. See also In re Teledyne Defense Contracting Deriv. Litig., 849 F. Supp. 1369, 1383 (C.D. Cal. 1993) (court may take judicial notice of articles of incorporation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 'O' |
|---|---|---|---|
| Case No. | CV15-6212-CAS(SSx) | Date | December 23, 2015 |
| Title | SONIA VIVAR V. TALLGRASS TALENT GROUP, LLC, ET AL. | | |

All other dates in this action are hereby **VACATED**, and the Motion to Compel Arbitration [11] is **MOOT**.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |